Philip Gordon, ISBN 1996
Bruce S. Bistline, ISBN 1988
**GORDON LAW OFFICES**
623 W. Hays St.
Boise, Idaho 83702
Telephone: (208) 345-7100
Fax: (208) 345-0050
Email: pgordon@gordonlawoffices.com
Email: bbistline@gordonlawoffices.com

[Proposed] Liaison Counsel for Lead Plaintiffs

Phillip Kim, Esq.
Laurence M. Rosen, Esq.
**THE ROSEN LAW FIRM, P.A.**
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Lead Plaintiffs

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| LESLIE NIEDERKLEIN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>PCS EDVENTURES!.COM, INC., et al.,<br><br>Defendants. | Case No.: 10-CV-479-CWD<br><br>CLASS ACTION<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE PADGETT GROUP TO: (1) APPOINT LEAD PLAINTIFF; AND (2) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL** |

Memorandum of Law in Support of Motion of the Padgett Group to: (1) Appoint Lead Plaintiff; and (2) Approve Lead Plaintiff's Selection of Counsel 1

**INTRODUCTION AND BACKGROUND**

Plaintiffs Kenneth Padgett and Bill Hickman (collectively "Movant" or the "Padgett Group") respectfully submit this memorandum of law in support of this motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1) appointing the Padgett Group and its members individually and collectively as Lead Plaintiff for the class of all purchasers of the securities of PCS Edventures!.com Inc. ("PCS" or the "Company"), during the period between March 28, 2007 and August 15, 2007 (the "Class Period"); and

(2) approving Movant's selection of The Rosen Law Firm P.A. as Lead Counsel for the Class and the Gordon Law Offices as Liaison Counsel for the Class.

On September 17, 2010, the Rosen Law Firm filed a securities class action on behalf of purchasers of PCS securities against PCS and certain of its present and former officers and directors for violations of the Section 10(b) and Section 20(a) of the Exchange Act. Particularly, the Complaint alleges that Defendants[1] fabricated the existence of a lucrative contract with a Saudi Arabian partner for the sale of product to the Kingdom of Saudi Arabia, when in fact no such contract or agreement was in place or likely to be put into place.

On September 17, 2010, The Rosen Law Firm issued a PSLRA early notice announcing that a class action had been filed against PCS and certain of its officers and directors for alleged violations of the Exchange Act. The notice advised class members they had until 60 days from the date of the notice to move to be appointed lead plaintiff. *See* Declaration of Philip Gordon ("Gordon Decl."), Ex. 1, filed herewith.

[1] Defendants are PCS, the Company's Chairman, CEO, President Anthony Maher, and former Company's Vice President and CFO Shannon Stith, f/n/a Shannon Wilson.

Memorandum of Law in Support of Motion of the Padgett Group to: (1) Appoint Lead Plaintiff; and (2) Approve Lead Plaintiff's Selection of Counsel

2

## ARGUMENT

### I. PADGETT GROUP SHOULD BE APPOINTED LEAD PLAINTIFFS

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Richardson v. TVIA, Inc.*, 2007 WL 1129344, at * 2 (N.D. Cal. Apr. 16, 2007); (citing *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002)).

As set forth below, the Padgett Group satisfies the above criteria and is the most adequate plaintiff and should be appointed as Lead Plaintiff.

#### A. MOVANT IS WILLING TO SERVE AS CLASS REPRESENTATIVE

Movant has made a timely motion in response to a PSLRA early notice. *See* Gordon Decl., Ex. 1. Additionally, as set forth in the PSLRA certifications of the members of the Padgett Group filed concurrently herewith, each member has reviewed the complaint, adopts the

Memorandum of Law in Support of Motion of
the Padgett Group to: (1) Appoint Lead Plaintiff;
and (2) Approve Lead Plaintiff's
Selection of Counsel 3

allegations therein, and is willing to serve as a representative of the class. *See* Gordon Decl. Ex. 2. Accordingly, the Padgett Group satisfies the first requirement to serve as Lead Plaintiff for the class.

**B. MOVANT HAS THE LARGEST FINANCIAL INTEREST IN THE ACTION**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons… that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730. While the PSLRA does not specify how to calculate the "largest financial interest", the approximate losses suffered are the most determinative. *Richardson*, 2007 WL 1129344 at * 4 (citing cases). The financial interest of the members of the ONP Group is set forth below.

Kenneth Padgett purchased 90,000 shares of PCS common stock during the Class Period for $295,020.00. Mr. Padgett sold all of his shares for proceeds of $95,287.85, thereby suffering losses of $199,732.15. *See* Gordon Decl., Ex. 3.

Bill Hickman purchased 62,000 shares of PCS common stock during the Class Period for $149,158.70. Mr. Hickman sold all of his shares for proceeds of $47,400, thereby suffering losses of $101,758.70. *Id.*

With $301,490.85 in losses, Movant is not aware of any other movant that has suffered greater losses in PCS stock during the Class Period. The Padgett Group is small enough that coordinated decision making will not present difficulties. The Securities and Exchange Commission has noted, and numerous courts have held, that small groups whose members all have suffered substantial losses, such as the Padgett Group, are suitable lead plaintiffs. *See e.g. In re Nature's Sunshine Products, Inc.*, 2006 WL 2380965 (D. Utah Aug. 16, 2006) (appointing group of three unrelated investors lead plaintiff); *In re Tyco Int'l Ltd. Sec. Litig.*, 2000 WL

Memorandum of Law in Support of Motion of
the Padgett Group to: (1) Appoint Lead Plaintiff;
and (2) Approve Lead Plaintiff's
Selection of Counsel 4

1513772, at *4 n.7 (D.N.H. Aug. 17, 2000); *In re The First Union Corp. Sec. Lit.*, 157 F. Supp.2d 638, 643 (W.D.N.C. 2000); *In re Baan Co. Sec. Litig.*, 186 F.R.D. 214, 217 (D.D.C.1999); *In re Universal Access, Inc., Sec. Lit.*, 209 F.R.D. 379, 384 (E.D. Tex. 2002); and *In re Oxford Health Plans, Inc. Sec. Lit*., 182 F.R.D. 42, 49 (S.D.N.Y. 1998)(co-lead plaintiff group allows for broad representation and sharing of resources and experience).

Accordingly, the Padgett Group satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

**C. MOVANT SATISFIES THE REQUIREMENTS OF RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Federal Rule of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable,
>
> (2) there are questions of law or fact common to the class,
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a prima facie showing that the Movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730-31. At the lead plaintiff stage, "[t]he typicality and adequacy

requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730)).

The Padgett Group and each of its members fulfill all of the pertinent requirements of Rule 23.  Each member shares substantially similar questions of law and fact with the members of the class and their claims are typical of the members of the class.  Each of the Padgett Group members and all members of the class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading financial statements about its business.  The Padgett Group and its members, as did all of the members of the class, purchased PCS stock at prices artificially inflated by Defendants' misrepresentations and omissions and were damaged thereby.  These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as the Group's desire to prosecute these actions on behalf of the class, provides ample reason to appoint the Padgett Group as Lead Plaintiff.

### D. MOVANT WILL FAIRLY AND ADEQUATELY REPRESENT THE INTERESTS OF THE CLASS AND IS NOT SUBJECT TO UNIQUE DEFENSES

The presumption in favor of appointing the Padgett Group as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)  will not fairly and adequately protect the interest of the class; or
>
> (bb)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

Memorandum of Law in Support of Motion of
the Padgett Group to: (1) Appoint Lead Plaintiff;
and (2) Approve Lead Plaintiff's
Selection of Counsel

6

15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

The Padgett Group and each of its members' ability and desire to fairly and adequately represent the class has been discussed in Section C, above.  The Group is not aware of any unique defenses that Defendants could raise against them that would render any of them inadequate to represent the class.  Accordingly, the Court should appoint the Padgett Group and each of its members as Lead Plaintiff for the class.

## II.     MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiffs to select and retain lead counsel, subject to the approval of the Court.  15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

The Padgett Group and each of its members have selected The Rosen Law Firm, P.A. as Lead Counsel and the Gordon Law Offices as Liaison Counsel.  The Rosen Law Firm has been actively researching the class Plaintiffs' claims - interviewing potential witnesses, reviewing financial and legal documents, seeking relevant data from third parties, and gathering other information in support of the claims against the Defendants.  Indeed, the Rosen Law Firm was the firm that filed this action.  Furthermore, the Rosen Law Firm and the Gordon Law Offices are experienced in the area of securities litigation and class actions, and have successfully prosecuted securities litigations and securities fraud class actions on behalf of investors *See* Gordon Decl., Exs. 4-5.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously.  Thus, the Court may be assured that by approving the Movant's selection of Lead

Memorandum of Law in Support of Motion of
the Padgett Group to: (1) Appoint Lead Plaintiff;
and (2) Approve Lead Plaintiff's
Selection of Counsel

7

Counsel and Liaison Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, the Movants respectfully request the Court issue an Order (1) appointing the Padgett Group and each of its members as Lead Plaintiff of the class; (2) approving the Group's selection of The Rosen Law Firm P.A. as Lead Counsel and the Gordon Law Offices of Liaison Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Respectfully submitted,

Dated: November 16, 2010

**GORDON LAW OFFICES**

/s/ Philip Gordon
Philip Gordon, ISBN 1996
Bruce S. Bistline, ISBN 1988
623 W. Hays St.
Boise, Idaho 83702
Telephone: (208) 345-7100
Fax: (208) 345-0050

[Proposed] Liaison Counsel for Lead Plaintiffs

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq.
Laurence M. Rosen, Esq.
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827

[Proposed] Lead Counsel for Lead Plaintiffs

Memorandum of Law in Support of Motion of the Padgett Group to: (1) Appoint Lead Plaintiff; and (2) Approve Lead Plaintiff's Selection of Counsel

8

**CERTIFICATE OF SERVICE**

I hereby certify that on this on the 16th day of November, 2010, a true and correct copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE PADGETT GROUP TO: (1) APPOINT LEAD PLAINTIFF; AND (2) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL, was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Philip Gordon

Memorandum of Law in Support of Motion of the Padgett Group to: (1) Appoint Lead Plaintiff; and (2) Approve Lead Plaintiff's Selection of Counsel

9