Philip Gordon, ISBN 1996
Bruce S. Bistline, ISBN 1988
**GORDON LAW OFFICES**
623 W. Hays St.
Boise, Idaho 83702
Telephone: (208) 345-7100
Fax: (208) 345-0050
Email: pgordon@gordonlawoffices.com
Email: bbistline@gordonlawoffices.com

[Proposed] Liaison Counsel for Lead Plaintiffs

Phillip Kim, Esq.
Laurence M. Rosen, Esq.
**THE ROSEN LAW FIRM, P.A.**
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Lead Plaintiffs

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| LESLIE NIEDERKLEIN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>PCS EDVENTURES!.COM, INC., et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 10-CV-479-CWD<br><br>CLASS ACTION<br><br>**PADGETT GROUP'S OPPOSITION TO SALEM'S MOTION TO STRIKE** |

I.      INTRODUCTION

Movants Kenneth Padgett and Bill Hickman ("Movant" or the "Padgett Group") respectfully submit this opposition to the competing movant's motion to strike certain sections of the Padgett Group's reply brief.  Rather than address the serious questions raised by the Padgett Group, competing movant Moustafa Salem, by and through his various counsel,[1] has instead attempted to hide the inconvenient truth through a meritless motion to strike.  The motion is without merit and should be denied.

In his opposition brief, competing movant Moustafa Salem asserted that the Padgett Group was inadequate due to certain purported deficiencies and that he had made a sufficient demonstration of his adequacy. *See* Salem Opp. at. pp. 2 ("Mr Salem faces no conflicts of interests, has retained experienced, competent counsel, and intends to represent the class vigorously, as required of an adequate class representative."), 4 ("Mr. Salem . . . satisfies all PSLRA and Rule 23 criteria."), 7 (raises the issues of undue influence from counsel), 13 (raising issue that the court should consider individual members of a group only where there is no other qualified movant and reiterating adequacy of Salem).  The sections of Padgett Group's reply challenged by Salem properly addressed the very issues of Salem's adequacy that Salem raised throughout his opposition.  The motion to strike should be denied on those grounds alone.

---

[1] Salem lists Robbins Umeda LLP as proposed lead counsel while listing a separate New York firm, the Law Offices of Curtis V. Trinko, as "additional counsel."  This indication generally evidences an arrangement whereby Salem was "forwarded" by Curtis V. Trinko to the Robbins Umeda group.  Ironically, under *Atlas*, it is only Salem that would be found inadequate given the *Atlas* court's reliance on the interplay between counsel in coming to its determination of lawyer-driven litigation to render inadequacy.

The forwarding arrangement further explains the ambiguous certification of Salem and suggests that Salem never selected Robbins Umeda as counsel.  Rather, Salem selected Curtis V. Trinko as counsel who then selected Robbins Umeda as counsel for Salem and "forwarded" the paperwork to Robbins Umeda.  Again, Salem has failed to fulfill his most basic obligation under the PSLRA – selecting lead counsel (let alone considering the inefficiencies of having multiple counsel and the risks to the class of being a sole individual lead plaintiff movant).  No evidence has been proffered that Mr. Salem has actually selected Robbins Umeda as lead counsel (or as his counsel in any capacity).  Having not done so at the outset, Mr. Salem's lead plaintiff motion is defective and his selection of lead counsel cannot be properly considered as it would be statutorily barred as untimely.

The nature of representative actions also bars precluding evidence that relates to the adequacy of a lead plaintiff. In a representative action, courts have an ongoing duty to determine ensure that the interests of the class are adequately represented. *Moore v. Halliburton Co.*, Civ. No. 02-1152, 2004 WL 2092019, at *3 (N.D. Tex. Sept. 9, 2004) (courts "owe[] a fiduciary duty to the class to ensure that the interests of every member of the class are adequately represented."). This duty includes ensuring the appropriateness of lead plaintiffs and extends throughout the litigation. *Z-Seven Fund, Inc. v. Motorcar Parts & Accessories*, 231 F.3d 1215, 1218-19 (9th Cir. 2000) (considering new information to determine adequacy of lead plaintiff, even after the appointment, is "consistent with the district court's continuing duty to see that a class is adequately represented" by the lead plaintiff*); Takeda v. Turbodyne Technologies, Inc.*, 67 F. Supp.2d 1129, 1138 (C.D. Cal. 1999) (in considering adequacy of a lead plaintiff movant, "the court may *sua sponte* raise and address certain of the concerns" raised even by those without standing); *In re Terayon Communications Systems., Inc.*, Civ. No. 00-01967, 2004 WL 413277, at *7 (N.D. Cal. Feb. 23, 2004) (re-examining adequacy of lead plaintiff post-appointment); *Pirelli Armstrong Tire Corporation Retiree Medical Benefits Trust v. LaBranche & Co., Inc., et al.*, 229 F.R.D. 395, 406 (S.D.N.Y. 2004) (the court may, *sua sponte*, consider issues raised concerning adequacy of lead plaintiff). Consequently, the Court must consider all information relevant to the inquiry of the adequacy of a lead plaintiff, no matter when introduced.[2] *Z-Seven Fund, Inc. v. Motorcar Parts & Accessories*, 231 F.3d 1215, 1218-19 (9th Cir. 2000); *McGuire v. Dendreon Corp.*, Civ. No. C07-800MJP, 2008 WL 418122, at *1 (W.D. Wash. Feb. 13, 2008) (courts have "an ongoing duty to consider new information relevant to the adequacy and

---

[2] Salem's efforts to preclude the Court from considering relevant information concerning his adequacy, his apparent misunderstanding of the duties of the Court in a representative action, along with Salem's abdication of his duty to select lead counsel and his previous arguments that demonstrate his failure to appreciate his fiduciary duties, merely reaffirms that the only adequate lead plaintiff movant is the Padgett Group and its members. It further raises the import of the facts discussed in the North Carolina Superior Court decision that Salem's counsel seeks to strike.

typicality of" a lead plaintiff.).  Defendant's motion seeks to starve the Court of relevant information in determining the adequacy of a lead plaintiff movant.  This position runs contrary to the law of this Circuit and must be rejected.  The motion to strike should therefore be denied.

Moreover, consideration of Salem is unnecessary because the Padgett Group has the largest financial loss of any competing movant, collectively or individually.  Salem has failed to rebut the presumption that the Padgett Group is the most adequate lead plaintiff by submitting evidence that proves both the inadequacy of the Padgett Group and each of its individual members who both have losses larger than Salem's.  *See In re Cavanaugh*, 306 F.3d 726, 729-731 (9th Cir. 2002).  Under *Cavanaugh* and the well-settled law of this Circuit, the Padgett Group is therefore entitled to appointment as lead plaintiff.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: January 10, 2011 | **GORDON LAW OFFICES** |

_____/s/  Philip Gordon_____
Philip Gordon, ISBN 1996
Bruce S. Bistline, ISBN 1988
623 W. Hays St.
Boise, Idaho 83702
Telephone: (208) 345-7100
Fax: (208) 345-0050

[Proposed] Liaison Counsel for Lead Plaintiffs

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq.
Laurence M. Rosen, Esq.
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827

[Proposed] Lead Counsel for Lead Plaintiffs

**CERTIFICATE OF SERVICE**

  I hereby certify that on this on the 10th day of January, 2011, a true and correct copy of the foregoing PADGETT GROUP'S OPPOSITION TO SALEM'S MOTION TO STRIKE was served by CM/ECF to the parties registered to the Court's CM/ECF system.

               /s/ Philip Gordon